Nott, J.,
concurring:
So far as the jurisdictional fact of allegiance is involved, there is no substantial distinction between an administrator in Louisiana and an administrator anywhere else. Both derive their rights, like receivers, from the appointment of a court; each is but the temporary custodian of other peoples’ property. The difference between them is, for the most part, a seeming difference, and springs from the careful and accurate use of words by the jurists of the civil law and the heedless and inaccurate confusion of terms in courts of the common law. The courts of the common law have called the administrator the owner of the property; the courts of the civil law have been careful to say that the seizin of the administrator is a fiction.
The counsel for the claimants, indeed, relies upon a provision of the Louisiana law which allows the next of kin to oust the administrator at any time, by giving security; but that provision merely means that the next of kin may take the administration into their own hands by giving the security which an administrator is generally required to give. That they are not subsequently called administrators is but a difference of names.
The purpose of administration in all countries and under all systems is twofold ; first, to hold the property securely until it can be ascertained who are rightly entitled to it; second, to hold it for the protection of creditors who should be paid out of the estate. When the next of kin are ascertained, one step is taken; when the creditors are paid all is accomplished.
This safeguard of the law extends to all cases. A testator indeed may appoint executors, but they are without authority until, in the form of letters testamentary, they receive it from a probate court; aud then they become the legal' custodians of the property in the stead of an administrator. In many cases the testator will give discretion and grant powers such as belong to a trustee or guardian, and then the powers and duties of a trustee or guardian will be added to the powers and duties of an administrator, and all will be administered in the common name of executor.
In the present case the parties in interest were not the next of kin of an intestate, but legatees under a will. Their rights were not only absolute, but specific. The debts of the estate were paid and the proper work of an administrator was done. *290 The executor was still in possession of the property as executor, and still liable for it as such, and could still maintain an action of replevin for it in his own name. At law he was as much an administrator as he had ever been and as much the owner of the property. In equity he had neither right nor title, and the claimants as legatees might have gone into any court of equity where their title to the property .came in question, in their own right and in their own'name, and would have been adjudged the owners.
The loyalty of the beneficiaries having been established, the case comes within the decision in Stoddart’s Case (6 C. Cls. R., 340), which held that “ where property belonging to a trust estate was captured, the trustees who bring suit for the proceeds need not make proof of their own loyalty, for their legal estate is but a device of the law to protect the rights of others.”
The motion to dismiss because the loyalty of the executor is not established must be-overruled.